**U.S. Department of Justice**

*Kent S. Robinson*
*Acting United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Ste. 600*       *(503) 727-1000*
*Portland, OR  97204-2902*       *Fax: (503) 727-1117*

August 17, 2009

Pat Ehlers
Assistant Federal Public Defender
101 SW Main, Suite 1700
Portland, OR  97204

     Re:    *U.S. v. Syrus Andrew Sampson*, CR 09-03 (MO)
              Plea Agreement Letter

Dear Mr. Ehlers,

     Please review this offer with your client as soon as possible.

1.    **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**:  Defendant agrees to plead guilty to count 2, of the indictment charging Assault Resulting in Serious Bodily Injury under Title 18, United States Code, Section 113(a)(6).  In return, the government will move to dismiss the remaining counts against defendant at sentencing.

3.    **Penalties**:  The maximum sentence for Title 18, United States Code, Section113(a)(6) is 10 years prison, a fine of $250,000, a supervised release term of up to 3  years, and a $100 fee assessment.  Defendant agrees to pay the fee assessments at the time of guilty plea or explain to the court why it cannot be done.

4.    **Dismissal/No Prosecution**:  The USAO further agrees not to bring additional charges against defendant in the Districts of Oregon arising out of this investigation that are known to the USAO at the time of this agreement.

Revised 7-21-08

Pat Ehlers
Re: Syrus Sampson - Plea Letter
Page 2

5.    **Sentencing Factors**:  The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).  Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

6.    **Acceptance of Responsibility**:  Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case.  If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than 16).  The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

7.    **Advisory Guideline Calculation**:  The parties agree the U.S.S.G. is appropriate to use in calculating defendant's advisory guideline range.  Accordingly, the parties agree defendant's base level for Count 2, pursuant to U.S.S.G. § 2A2.2(a), is **14**.  The parties agree to a **4 level increase** under § 2A2.2(b)(2)(B) because a dangerous weapon was used.  Further, the parties agree to **a 5 level increase** under §2A2.2(b)(3)(B) because the victim suffered serious bodily injury.  If the court were to accept the stipulations, defendant's total adjusted offense level, after acceptance, is **20**.

8.    **Sentencing Recommendation**: The government will recommend a low end advisory guideline sentence.  Defendant is free to request a departure/adjustment/variance from the applicable advisory guideline range and the government is free to evaluate and respond to any such request after receipt of the pre-sentence report and defendant's mitigation and departure/adjustment/variance materials."  Defendant agrees to provide the government with a list 18 USC 3553 factors or any other basis for a departure, adjustment, and or variance as well as the supporting factual evidence, 3 weeks prior to sentencing. If the information is not provided, defendant agrees to a continuance of the sentencing date. The USAO will make this recommendation so as long as defendant demonstrates an acceptance of responsibility as explained above.

9.    **Restitution**: Defendant stipulates and agrees, pursuant to 18 U.S.C. § 3663A, to pay restitution in the amount of $47,781.00 as a condition of any sentence imposed in this matter to the victim of his offense.  Further, defendant agrees the amount is payable to the victim and immediately due at sentencing.

If defendant can not pay the entire remaining balance at the time of sentencing, he agrees to minimum monthly payments to be determined by the court.

Revised 7-21-08

Pat Ehlers
Re: Syrus Sampson - Plea Letter
Page 3

10.     **Additional Departures, Adjustments, or Variances**:  The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.

11.     **Waiver of Appeal/Post-Conviction Relief**:  Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that:  (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal.  Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

12.     **Court Not Bound**:  The Court is not bound by the recommendations of the parties or of the pre-sentence report (PSR) writer.  This agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13.     **Full Disclosure/Reservation of Rights**:  The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case.  Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14.     **Breach of Plea Agreement**:  If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

Revised 7-21-08

Pat Ehlers
Re: Syrus Sampson - Plea Letter
Page 4

15.    **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.  If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Sincerely,

KENT S. ROBINSON
Acting United States Attorney

KEMP L. STRICKLAND
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney.  I understand and voluntarily agree to its terms.  I expressly waive my rights to appeal as outlined in this agreement.  I wish to plead guilty because, in fact, I am guilty.

8/17/09
Date

X Syrus Sampson
Syrus A. Sampson, Defendant

I represent the defendant as legal counsel.  I have carefully reviewed every part of this agreement with defendant.  To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

8/17/09
Date

Pat Ehlers
Attorney for Defendant

Revised 7-21-08